Eddie O. BUCKLEY, Jr., Appellant,

v.

BARLOW, Counselor; Christopher Meek; Unknown Defendant, sued as c/o General (ly) in Unit 220; Debbie Nichols, (from 4:92–cv–20068); Donald Mallenger, (from 4:92–cv–20068); Crispus Nix, (from 4:92–cv–20068), Appellees.

No. 93–1302.

United States Court of Appeals,
Eighth Circuit.

Submitted June 25, 1993.

Decided July 8, 1993.

Appellant, pro se.

William A. Hill, Asst. Atty. Gen., Des Moines, IA, for appellees.

Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

Eddie O. Buckley, Jr., an Iowa inmate, appeals the magistrate judge's [1] judgment in favor of defendants in two consolidated 42 U.S.C. § 1983 actions. We affirm.

In November 1991, Buckley filed a section 1983 complaint alleging that Richard Barlow refused to pick up his completed grievance forms, and Christopher Meek condoned Barlow's actions by refusing to answer Buckley's letters or investigate his grievances. In February 1992, Buckley filed a complaint against Debbie Nichols, records clerk, Don Mallinger, business accountant, and Crispus Nix, warden. He claimed that their continued deduction of one half of his $7.50 "idle pay" from his prison account pursuant to a disciplinary committee's restitution order [2] amounted to cruel and unusual punishment because it deprived him of the ability to purchase some personal hygiene items (e.g., body lotions and hair grease) and postage for personal mail. Buckley also claimed that the restitution order was unconstitutional be-

cause he had not been afforded a jury hearing as required by the Seventh Amendment.

█ "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States...." *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2255–56, 101 L.Ed.2d 40 (1988). While a violation of a state-created liberty interest can amount to a violation of the Constitution, not every violation of state law or state-mandated procedures is a violation of the Constitution. *See, e.g., Meis v. Gunter,* 906 F.2d 364, 369 (8th Cir.1990), *cert. denied,* 498 U.S. 1028, 111 S.Ct. 682, 112 L.Ed.2d 673 (1991). "'The simple fact that state law prescribes certain procedures does not mean that the procedures thereby acquire a federal constitutional dimension.'" *Vruno v. Schwarzwalder,* 600 F.2d 124, 130–31 (8th Cir.1979) (quoting *Slotnick v. Staviskey,* 560 F.2d 31, 34 (1st Cir. 1977), *cert. denied,* 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978)).

█ We conclude Buckley's first complaint failed to state a claim because no constitutional right was violated by the defendants' failure, if any, to process all of the grievances he submitted for consideration. *Cf. Flick v. Alba,* 932 F.2d 728, 729 (8th Cir.1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure) (citing with approval *Azeez v. DeRobertis,* 568 F.Supp. 8 (N.D.Ill.1982)). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Azeez,* 568 F.Supp. at 10. Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983.

█ Contrary to Buckley's assertion in his second complaint, he had no Seventh Amendment right to a jury trial in a prison

---

1. The Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

2. Buckley was ordered to pay $297 for a mattress and thermostat he damaged while at Oakdale Medical Security Facility.

disciplinary setting. *See Wolff v. McDonnell,* 418 U.S. 539, 563–72, 94 S.Ct. 2963, 2978–83, 41 L.Ed.2d 935 (1974). Buckley did not assert that he had state-created liberty interest in a jury trial in that context. We also conclude that Buckley's allegations that he was denied certain personal hygiene items were insufficient to state a claim for cruel and unusual punishment. *Cf. Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (Eighth Amendment prohibits depriving inmates of "minimal civilized measure of life's necessities"); *Porth v. Farrier,* 934 F.2d 154, 157 (8th Cir.1991) (discomfort does not amount to cruel and unusual punishment; conduct must be so inhumane, base or barbaric as to shock sensibilities); *Howard v. Adkison,* 887 F.2d 134, 137 (8th Cir.1989) (inmates are entitled to reasonably adequate sanitation and personal hygiene).

Accordingly, we affirm.