5 F.3d 531
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Kasib Tauheed BILAL, Appellant,
v.
A. L. LOCKHART, Director, Arkansas Department of Correction;
Larry Norris, Assistant Director, Arkansas Department of
Correction; Marvin Evans, Jr., Warden, Maximum Security
Unit, Arkansas Department of Correction; H. Rhodes, Major,
Maximum Security Unit, Arkansas Department of Correction;
Shelton, Lt., Maximum Security Unit, Arkansas Department of
Correction; Berry, Sgt., Maximum Security Unit, Arkansas
Department of Correction; McClean, Grievance Officer,
Maximum Security Unit, Arkansas Department of Correction;
Kinder, CO-1, Maximum Security Unit, Arkansas Department of
Correction; J. Duke, Disciplinary Officer, Maximum Security
Unit, Arkansas Department of Correction, Appellees.
 No. 93-1798.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 19, 1993.
Filed: September 30, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kasib Tauheed Bilal, an Arkansas inmate, appeals from the district court's[1] order dismissing his 42 U.S.C. Sec. 1983 action under Federal Rule of Civil Procedure 12(b)(6). We affirm.
 
 
 2
 Bilal claimed defendant prison officials violated his Eighth Amendment rights when they used excessive force in restoring order, and violated his due process rights when they failed to respond to his grievances and requests for an interview in contravention of Disciplinary Rule 831 III.A. Following service of process, defendants moved to dismiss Bilal's complaint as frivolous under 28 U.S.C. Sec. 1915(d). In support of their motion, defendants submitted several affidavits, as well as copies of grievances and an affidavit Bilal had presented to them. Bilal responded and submitted a supporting affidavit. The magistrate judge treated defendants' motion as a Rule 12(b)(6) motion to dismiss for failure to state a claim and dismissed Bilal's complaint. Bilal timely appealed.
 
 
 3
 The magistrate judge properly treated defendants' section 1915(d) motion as a Rule 12(b)(6) motion. See Gentile v. Missouri Dep't of Corr. & Human Res., 986 F.2d 214, 217 (8th Cir. 1993). We note that the magistrate judge did not refer to or apparently rely on the parties' affidavits. We review de novo the magistrate judge's dismissal of Bilal's action under Rule 12(b)(6). See Concerned Citizens v. United States Nuclear Regulatory Comm'n, 970 F.2d 421, 425 (8th Cir. 1992). This court construes the allegations in the complaint in the light most favorable to Bilal, see id., and will not dismiss his complaint for failure to state a claim unless "it appears beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief."
 
 
 4
 Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted).
 
 
 5
 Bilal did not state a claim related to Rule 831 III.A or the grievance procedures. Defendants' alleged failure to respond to Bilal's grievances, affidavits, and interview requests did not violate any of his constitutional rights. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983; grievance procedure is procedural right only, and does not confer any substantive right on inmate).
 
 
 6
 As to the excessive-force claim, it is undisputed that Bilal and another inmate were fighting, and that Correctional Officer Kinder had to restore order quickly; Kinder grabbed Bilal, threw him on the floor, and held him there with his weight. Bilal did not allege additional acts by Kinder. Thus, we conclude Bilal cannot prove any facts in support of his claim that Kinder "maliciously and sadistically" used force. See Whitley v. Albers, 475 U.S. 312, 320-21 (1986).
 
 
 7
 We decline to address the claims Bilal asserts for the first time on appeal as he has not shown that a manifest injustice will otherwise result. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)