16 F.3d 1227
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Carl L. FILES, Appellant,
v.
Willis KEETH, Appellee.
 No. 93-3308.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 3, 1994.
Filed: January 10, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Carl L. Files, a Missouri inmate, appeals the district court's[1] order granting summary judgment in favor of defendant Willis Keeth, the day watch relief commander at the prison, in this 42 U.S.C. Sec. 1983 action.
 
 
 2
 Files alleged that his due process rights were violated because he was placed in administrative segregation for several days before receiving a conduct violation, his disciplinary action was improperly conducted, and he was denied the right to take a physical stress examination (PSE). He also asserted Eighth Amendment violations because of his placement in administrative segregation and denial of his personal hygiene items.
 
 
 3
 Keeth placed Files in administrative segregation based upon the statement of Officer Wilson that Files was one of the inmates who beat Wilson with club-type instruments and then attempted to escape, and based upon the reports of guards who searched Files's cubicle the same day and found a cut-off broomstick. Files received a classification hearing the next day and received review hearings while he remained in administrative segregation awaiting the results of an investigation. Shortly after a conduct violation report was issued, the disciplinary committee found Files guilty of assault.
 
 
 4
 We review de novo the district court's grant of summary judgment for Keeth. See United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). Files produced no evidence controverting the reasonableness of Keeth's action in placing him in administrative segregation. See Hewitt v. Helms, 459 U.S. 460, 468 (1983) (holding that administrative segregation can be used for many reasons and does not, in itself, violate due process); Brown-El v. Delo, 969 F.2d 644, 647 (8th Cir. 1992) (holding that prison officials may need to segregate inmates for non-punitive reasons pending investigation of misconduct charges). Files did not name as defendants any of the prison officials responsible for his classification, review, or disciplinary hearings or for the denial of a PSE test. Therefore, Files's remaining due process claims fail, and in any event, we would hold that they lack merit.
 
 
 5
 Files did not state an Eighth Amendment claim. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Buckley v. Barlow, 997 F.2d 494, 496 (8th Cir. 1993) (per curiam).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri