_____

No. 95-3815
_____

Cornelius Moore,                      *
                                      *
          Appellant,                  *
                                      *
     v.                               *   Appeal from the United States
                                      *   District Court for the
Mike Thurber; Brad Johnson;           *   District of Nebraska.
Steve Foree,                          *        [UNPUBLISHED]
                                      *
          Appellees.                  *


_____

          Submitted: December 27, 1996

             Filed: January 3, 1997
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____


PER CURIAM.


     Cornelius Moore appeals from the district court's[1] dismissal of his
42 U.S.C. § 1983 complaint.  We affirm.


     While confined at the Lancaster County jail, Moore brought a section
1983 action in forma pauperis alleging that Sergeant Brad Johnson
continuously denied his requests for grievance forms, jail director Mike
Thurber knew Johnson was interfering with his right to file grievances and
did nothing, and investigating officer Steve Foree "covered up" his
grievable issues by failing to investigate thoroughly.  He further alleged
he was subjected to unfair treatment in that he, unlike other inmates,
could not receive a grievance form without first being interviewed by
Johnson.

---

[1]The Honorable Richard G. Kopf, United States District Judge
for the District of Nebraska.

The magistrate judge[2] reviewed the case initially pursuant to the district court's Local Rule 83.10 and recommended dismissing the grievance claim as frivolous because the grievance procedure conferred no substantive right protected by the Fourteenth Amendment. Construing the complaint as also raising a non-frivolous equal protection claim, the magistrate judge ordered Moore to pay a partial filing fee and ordered that defendants be served without requiring a response until further notice. As to this claim, the magistrate judge found Moore had not alleged that he was similarly situated to other inmates who were treated differently or that the dissimilar treatment was based on an impermissible ground, and granted Moore leave to file an amended complaint to cure these deficiencies or risk dismissal. The district court dismissed the grievance claim.

Moore filed an "Amended Information," again alleging that other inmates were issued grievance forms without first being interviewed by Johnson. The magistrate judge found that Moore had not cured the deficiencies and thus recommended dismissal of the equal protection claim under Federal Rule of Civil Procedure 12(b)(6), noting that Moore had received full notice of the insufficiency of his complaint and a meaningful opportunity to respond through an amended complaint.[3] The magistrate judge also denied Moore's request for reconsideration of the partial filing fee. After de novo review, the district court adopted the recommendations over Moore's objections, and dismissed the complaint.

---

[2]The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

[3]Although we have criticized the Nebraska district court's initial-review procedures, see Hake v. Clarke, 91 F.3d 1129, 1131 (8th Cir. 1996) (per curiam), we note that the procedures used in this case would now be authorized under the Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, §§ 804(a)(5), 805, 110 Stat. 1321 (1996), see Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

We agree with the district court that Moore did not allege that any dissimilar treatment he may have received was based on impermissible grounds or that he was similarly situated to those treated differently, and thus he did not state an equal protection claim. See Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir. 1994), cert. denied, 115 S. Ct. 1177 (1995); Abdullah v. Gunter, 949 F.2d 1032, 1037 (8th Cir. 1991), cert. denied, 504 U.S. 930 (1992).

We also conclude the district court properly dismissed as frivolous Moore's claim that his constitutional rights were violated when defendants failed to adhere to its grievance regulations. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam). We find no abuse of discretion in the district court's refusal to reconsider the partial filing fee. Finally, Moore's request to consolidate this case with one pending in the district court is untimely.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.