105 F.3d 663
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Cornelius MOORE, Appellant,
v.
Mike THURBER; Brad Johnson; Steve Foree, Appellees.
 No. 95-3815.
 United States Court of Appeals, Eighth Circuit.
 Submitted Dec. 27, 1996.
Filed Jan. 3, 1997.
 
 Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Cornelius Moore appeals from the district court's[1] dismissal of his 42 U.S.C. § 1983 complaint. We affirm.
 
 
 2
 While confined at the Lancaster County jail, Moore brought a section 1983 action in forma pauperis alleging that Sergeant Brad Johnson continuously denied his requests for grievance forms, jail director Mike Thurber knew Johnson was interfering with his right to file grievances and did nothing, and investigating officer Steve Foree "covered up" his grievable issues by failing to investigate thoroughly. He further alleged he was subjected to unfair treatment in that he, unlike other inmates, could not receive a grievance form without first being interviewed by Johnson.
 
 
 3
 The magistrate judge[2] reviewed the case initially pursuant to the district court's Local Rule 83.10 and recommended dismissing the grievance claim as frivolous because the grievance procedure conferred no substantive right protected by the Fourteenth Amendment. Construing the complaint as also raising a non-frivolous equal protection claim, the magistrate judge ordered Moore to pay a partial filing fee and ordered that defendants be served without requiring a response until further notice. As to this claim, the magistrate judge found Moore had not alleged that he was similarly situated to other inmates who were treated differently or that the dissimilar treatment was based on an impermissible ground, and granted Moore leave to file an amended complaint to cure these deficiencies or risk dismissal. The district court dismissed the grievance claim.
 
 
 4
 Moore filed an "Amended Information," again alleging that other inmates were issued grievance forms without first being interviewed by Johnson. The magistrate judge found that Moore had not cured the deficiencies and thus recommended dismissal of the equal protection claim under Federal Rule of Civil Procedure 12(b)(6), noting that Moore had received full notice of the insufficiency of his complaint and a meaningful opportunity to respond through an amended complaint.[3] The magistrate judge also denied Moore's request for reconsideration of the partial filing fee. After de novo review, the district court adopted the recommendations over Moore's objections, and dismissed the complaint.
 
 
 5
 We agree with the district court that Moore did not allege that any dissimilar treatment he may have received was based on impermissible grounds or that he was similarly situated to those treated differently, and thus he did not state an equal protection claim. See Klinger v. Department of Corrections, 31 F.3d 727, 731 (8th Cir.1994), cert. denied, 115 S.Ct. 1177 (1995); Abdullah v. Gunter, 949 F.2d 1032, 1037 (8th Cir.1991), cert. denied, 504 U.S. 930 (1992).
 
 
 6
 We also conclude the district court properly dismissed as frivolous Moore's claim that his constitutional rights were violated when defendants failed to adhere to its grievance regulations. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993) (per curiam). We find no abuse of discretion in the district court's refusal to reconsider the partial filing fee. Finally, Moore's request to consolidate this case with one pending in the district court is untimely.
 
 
 7
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska
 
 
 [2]
 The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska
 
 
 [3]
 Although we have criticized the Nebraska district court's initial-review procedures, see Hake v. Clarke, 91 F.3d 1129, 1131 (8th Cir.1996) (per curiam), we note that the procedures used in this case would now be authorized under the Prison Litigation Reform Act of 1995, Pub.L. No. 104-135, §§ 804(a)(5), 805, 110 Stat. 1321 (1996), see Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir.1996) (per curiam)