F I L E D
United States Court of Appeals
Tenth Circuit

**JAN 28 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SANDRA MARSH,

      Plaintiff-Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA; TOM NEWTON, Warden;
PENNY LUCERO, Deputy Warden;
HELEN TORREZ, Shift Commander;
DARLENE VALLEY, Assistant Shift
Commander; MAUREEN VAUGHN,
Disciplinary Officer; DON RUSSELL,
Hearing Officer; MARCELLA
CHAVEZ, Commissary Officer; BILL
SNODGRASS, Chief of Security;
BOBBY KROEN, Shift Commander;
ANN DOUGHERTY, Caseworker;
NEW MEXICO CORRECTIONS
DEPARTMENT; KARL SANICKS,
Secretary of Corrections; PRISCILLA
GALLEGOS, D.O.C. Appeal Officer;
HERB MASCHNER, Secretary's
Designee; MANUEL ROMERO,
Secretary's Designee,

      Defendants-Appellees.

No. 97-2070
(D.C. No. CIV 95-1468 BB/LFG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore

(continued...)

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

Plaintiff appeals the district court's decision granting defendants' motions for summary judgment and dismissing her 42 U.S.C. § 1983 claims with prejudice.[1]  Upon consideration of the record and the parties' briefs, we affirm.

Plaintiff, an inmate confined in New Mexico's Women's Correctional Facility, challenges her receipt of a minor offense report, in May 1995, for leaving her prison work assignment without permission.  The district court declined to address this incident because plaintiff had raised these same issues in another lawsuit.  Plaintiff fails to assert any reason why these issues cannot be adequately addressed in the other litigation.  The district court, therefore, did not

---

[*](...continued)
ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     Plaintiff did not file objections to the magistrate judge's recommendation that her claims against Defendant Sanicks be dismissed, see Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996) (generally, failure to file timely objections waives appellate review of both legal and factual issues), nor does she challenge the district court's adoption of that recommendation now on appeal.  Plaintiff also does not challenge on appeal the district court's dismissal of her habeas claims without prejudice.

abuse its discretion in dismissing her claims stemming from this minor misconduct report. See Tamari v. Bache & Co. (Lebanon) S.A.L., 565 F.2d 1194, 1202-03 (7th Cir. 1977) (reviewing dismissal of claims raised in another action for abuse of discretion).

The remainder of plaintiff's claims focus upon a major misconduct report she received, in September 1995, for refusing to submit to a drug test. As a result, plaintiff was confined to disciplinary segregation for fifteen days, lost earned good time credits, and had her custody level increased. The district court granted defendants summary judgment on her claims stemming from this incident.

This court reviews summary judgment decisions de novo, reviewing the record in the light most favorable to the nonmoving party. See, e.g., Sprague v. Thorn Americas, Inc., 129 F.3d 1355, 1360-61 (10th Cir. 1997). Summary judgment is appropriate only if there are no genuinely disputed issues of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

Plaintiff asserts that the manner in which defendants conducted the prison disciplinary hearing addressing this major misconduct report deprived her of

procedural due process.[2]  She failed to establish, however, that this hearing

implicated any liberty interest which would be protected by due process.  See

Allen v. Muskogee, 119 F.3d 837, 841 (10th Cir. 1997) (Rule 56(c) mandates

entry of summary judgment against party who fails to make showing sufficient

to establish an essential element of her case, upon which she would bear burden

of proof, citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)), petition for

cert. filed, 66 U.S.L.W. 3428 (Dec. 11, 1997) (No. 97-970).

A State creates a liberty interest, protected by due process, in freedom from

restraint that "imposes atypical and significant hardship on the inmate in relation

to the ordinary incidents of prison life," or "where the State's action will

inevitably affect the duration of [her] sentence."  Sandin v. Conner, 515 U.S. 472,

484, 487 (1995).  Plaintiff failed to meet her burden of putting forth evidence

establishing that her confinement to disciplinary segregation for fifteen days was

a hardship atypical and significantly different from the "ordinary incidents of

prison life."  Id. at 484.

Further, although plaintiff alleged that she lost earned good time credits

as a result of this major misconduct violation, that assertion alone does not

---

[2]     Because we interpret plaintiff's due process claims to challenge only the
procedure by which defendants found her guilty of the major misconduct
violation, rather than challenging the validity of the guilt determination itself,
plaintiff may assert these claims in this § 1983 action.  See Edwards v. Balisok,
117 S. Ct. 1584 (1997).

implicate a liberty interest. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974) (no constitutional right to receive good time credits). Rather, plaintiff must put forth evidence tending to establish that she earned those credits through a mandatory good time scheme that provided for the loss of those credits only through serious misconduct, and that the loss of those credits would "inevitably affect the duration of [her] sentence," Sandin, 515 U.S. at 487. See Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997); Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996); McGuinness v. Dubois, 75 F.3d 794, 797 n.3 (1st Cir. 1996). This plaintiff failed to do.

Even assuming that plaintiff's brief confinement in disciplinary segregation and the loss of good time credits did implicate liberty interests, the undisputed facts establish that she received due process. In a prison disciplinary hearing, an inmate is entitled to 1) advance written notice of the disciplinary charges, 2) an opportunity, when consistent with institutional safety and correctional goals, to present evidence and witnesses in her own defense, and 3) the decisionmaker's written statement indicating the evidence relied upon and the reasons supporting the disciplinary action. See Mitchell v. Maynard, 80 F.3d 1433, 1445 (10th Cir. 1996). Although plaintiff alleges a number of other ways defendants violated her due process rights, our review is limited to determining whether defendants

complied with these three requirements and whether there was some evidence to support the disciplinary action. See id.

The undisputed facts in this case establish that defendants complied with these requirements and, thus, provided plaintiff with due process. In addition, because the disciplinary decision was based upon some evidence and was, therefore, valid, we need not address plaintiff's claims challenging the validity of the administrative appeal proceedings. See id. at 1446.

Plaintiff also asserted procedural due process challenges to prison grievance proceedings and the increase in her custody level. The district court did not err in granting defendants summary judgment on these claims because plaintiff failed to establish the existence of a protected liberty interest in the prison grievance proceedings, see Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), and in the reclassification of her custody level, see Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994) (noting inmate is not constitutionally entitled to any particular degree of freedom in prison, citing Meachum v. Fano, 427 U.S. 215, 225 (1976)).

The district court did not err in granting defendants summary judgment on plaintiff's claims challenging the conditions in which she was confined in disciplinary segregation. Plaintiff failed to assert evidence establishing that she suffered a serious harm from the deprivation of toilet paper and hygiene items for

four of the fifteen days of her disciplinary confinement. See Penrod v. Zavaras, 94 F.3d 1399, 1405-06 (10th Cir. 1996) (Eighth Amendment is violated only if alleged deliberate deprivation causes objectively serious harm). Likewise, plaintiff did not establish that she suffered any actual injury resulting from defendants' purported interference with her access to the courts. See Lewis v. Casey, 116 S. Ct. 2174, 2179-82 (1996).

Plaintiff also alleged that defendants violated the Restoration of Religious Freedom Act (RFRA), see 42 U.S.C. §§ 2000bb to 2000bb-4, and the First Amendment by depriving her of religious materials while she was confined in disciplinary segregation. The Supreme Court has since declared RFRA to have been an unconstitutional exercise of congressional authority. See City of Boerne v. Flores, 117 S. Ct. 2157, 2160 (1997). We, therefore, need not address her RFRA claim.

Further, plaintiff's allegations that defendants temporarily deprived her of religious items during the fifteen days she was confined to disciplinary segregation failed to satisfy her burden of establishing a First Amendment violation. See Fillmore v. Eichkorn, 891 F. Supp. 1482, 1493 (D. Kan. 1995) (denial of arrestee's religious requests for cotton clothing, distilled water and a Holy Bible over a weekend did not establish constitutional violation), aff'd, 77 F.3d 492 (10th Cir. 1996) (Table); see also Bryan v. Administrative of F.C.I.

Otisville, 897 F. Supp. 134, 137 (S.D.N.Y. 1995) (given legitimate security concerns in prison context, brief three-day confiscation of religious items does not seem unreasonable).

Finally, plaintiff asserts that defendants took all of these challenged actions in retaliation against her because of her pursuit of First Amendment activities, including pursuing prison grievances, acting as a "jailhouse" lawyer, pursuing litigation challenging prison conditions, and corresponding with state legislators. See generally Smith v. Maschner, 899 F.2d 940, 947-48 (10th Cir. 1990) (prison officials may not retaliate against inmate for exercising constitutional right, even where action taken would otherwise be permissible); but see id. at 950 (because inmate does not have protected interest in providing legal representation to other inmates, he cannot assert claim for retaliation against him for acting as "jailhouse lawyer"). The relevant inquiry here is whether plaintiff presented sufficient evidence from which a fair-minded jury could infer that prison officials subjected her to a drug test and subsequent disciplinary proceedings based, at least in part, upon an improper retaliatory motive. See id. at 949. Plaintiff contends that her evidence of the chronology of events is sufficient to create a genuinely disputed issue of fact as to defendants' motive. We disagree.

The only First Amendment activity that plaintiff alleged occurred in close proximity to the disciplinary action at issue here was plaintiff's mailing 112

letters to state legislators five days prior to the drug test request. In her appellate brief, however, plaintiff concedes that the prison officials authorizing and requesting the drug test were unaware of this correspondence. See Appellant's Reply Br. at 3 (not contesting defendants' paragraph 18, see Appellees' Br. at 8). This evidence, therefore, and the remainder of plaintiff's allegations, are insufficient to create a triable issue as to whether defendants acted in retaliation against plaintiff.

The judgment of the United States District Court for the District of New Mexico is, therefore, AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Carlos F. Lucero
Circuit Judge