In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-257 CV


____________________



KENNETH D. FORD, Appellant



V.



BRIAN K. CLENDENNEN, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Court Cause No. 20,190






MEMORANDUM OPINION


 Kenneth Ford, a Texas prison inmate, brought this case complaining of the TDCJ
guidelines, enacted in September 1999, which establish "screening criteria" for grievance
procedures within the prison system. On April 30, 2003, Ford was declared a "vexatious
litigant" based on his litigation history, coupled with the court's determination that there
was no reasonable probability Ford would prevail in his lawsuit. Ford appeals this case,
claiming he was, in fact, likely to prevail. Ford also objects to the fact that he was not
present at the hearing in which he was declared a vexatious litigant. After being declared
a vexatious litigant, Ford was required to furnish $1,000 in security for his suit to proceed. 
See Tex. Civ. Prac. & Rem. Code Ann. § 11.055 (Vernon 2002). He failed to do so,
and his case was dismissed.

 The vexatious litigant statute provides that, on or before the 90th day after the date
a defendant files an original answer, the defendant may move the court for an order which
determines that the plaintiff is a vexatious litigant and which requests the court require the
plaintiff furnish security during the pendency of his suit. See Tex. Civ. Prac. & Rem.
Code Ann. § 11.051 (Vernon 2002). This filing stays the litigation until the court rules
on the merits of the motion. See Tex. Civ. Prac. & Rem. Code Ann. § 11.052(b)
(Vernon 2002). The statute requires the court to conduct a hearing to determine whether
to grant the motion. See Tex. Civ. Prac. & Rem. Code Ann. § 11.053 (Vernon 2002).

 The court may find a plaintiff to be a vexatious litigant if the defendant shows that
(1) there is not a reasonable probability that plaintiff will prevail in the litigation, and (2)
that plaintiff has commenced, prosecuted, or maintained in propria persona at least five
litigations other than in a small claims court in the past seven years that (A) have been
finally determined adversely to plaintiff, (B) permitted to remain pending at least two years
without having been brought to trial or hearing, or (C) determined by a trial or appellate
court to be frivolous or groundless under state or federal law. See Tex. Civ. Prac. &
Rem. Code Ann. § 11.054(1) (Vernon 2002).

 If the court grants the motion, the court may enter an order prohibiting the vexatious
litigant from filing, in propria persona, a new litigation in a Texas court without
permission from a local administrative judge. See Tex. Civ. Prac. & Rem. Code Ann.
§ 11.101(a) (Vernon 2002). A vexatious litigant who disobeys the order is subject to
contempt of court. See Tex. Civ. Prac. & Rem. Code Ann. § 11.101(b) (Vernon 2002). 
The statute only prohibits the vexatious litigant from filing unapproved lawsuits in propria
persona. See Tex. Civ. Prac. & Rem. Code Ann. § 11.101(a) (Vernon 2002). The
statute does not prohibit the filing of additional lawsuits by an attorney.

 Ford does not dispute that he meets the second statutory requirement to be declared
a vexatious litigant. Ford's affidavit of previous litigation, which was filed with his
original petition, listed seventeen (17) previous filings, sixteen of which he states were
dismissed as frivolous and one he says was dismissed pursuant to 28 U.S.C. § 1915(g). 
The question in this appeal is whether there was a likelihood Ford would prevail in this
litigation and whether that determination was impacted by Ford's inability to appear at the
hearing.

 Chapter 11 of the Civil Practice and Remedies Code states ". . . the court shall,
after notice to all parties, conduct a hearing to determine whether to grant the motion." 
See Tex. Civ. Prac. & Rem. Code Ann. § 11.053 (Vernon 2002). The statute does not
require that the inmate be present at the hearing. An inmate generally does not have a
right to appear at all hearings associated with a civil lawsuit. See Armstrong v. Randle,
881 S.W.2d 53, 56 (Tex. App.--Texarkana 1994, writ denied). In determining whether
to issue the writ, the court should consider, along with other factors, cost, security risk,
whether the inmate's claims are substantial, whether the inmate can and will offer
admissible non-cumulative testimony, and the probability of success on the merits. Allen
v. Rushing, 129 S.W.3d 226, 230 (Tex. App.--Texarkana 2004, no pet.). It is within the
trial court's discretion to issue or deny a writ of habeas corpus ad testificandum to an
inmate for any hearing in which a statute does not specifically require his presence. See
Armstrong, 881 S.W.2d at 57-58.

 In this case, Ford failed to respond to Defendant's motion to have him declared a
vexatious litigant. The statute does provide, as Ford points out in his brief, that evidence
may be considered in determining whether to find a litigant vexatious. See Tex. Civ.
PraC. & Rem. Code Ann. § 11.053(b) (Vernon 2002). Ford failed to provide the Court
any evidence prior to the hearing, and he does not contest his litigation history on appeal. 
His own affidavit establishes those facts. The substantive claims Ford asserts involve an
issue of law. We have reviewed this issue de novo, and we find no support for Ford's
claim. 

 Ford alleges the grievance screening criteria, policies, and procedures are
unconstitutional. Essentially, appellant argues he should not be limited to one grievance
every seven days as established by the grievance procedures. He does not assert a claim
of retaliation based on the exercise of a liberty interest established by prison regulations. 
See, e.g., Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir. 1989). The law is settled that
inmates do not have a constitutionally protected right to access to a grievance procedure. 
See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (holding "the Constitution creates no
entitlement to grievance procedures or access to any such procedure voluntarily established
by a state"); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (holding a prison
grievance procedure is merely a procedural right, which does not confer any substantive
right upon inmates and, therefore, does not create a protected liberty interest implicating
the protections of the Fourteenth Amendment); Flick v. Alba, 932 F.2d 728, 729 (8th Cir.
1991) (federal regulations providing administrative remedy in Bureau of prisons do not
create a liberty interest). The prison grievance screening procedure is not an entitlement. 
See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding that state prisoners have
"no legitimate claim of entitlement to a grievance procedure"). Appellant's claim, that the
Constitution requires defendant to permit the filing of grievances not permitted by the
screening criteria, lacks a basis in law. 

 Issues one and two are overruled. The judgment is affirmed.

 AFFIRMED.

 PER CURIAM

Submitted on October 15, 2004

Opinion Delivered December 16, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.