_____

No. 95-2598
_____

Donald Earl Atkinson,            *
                                 *
            Appellant,           *
                                 *  Appeal from the United States
     v.                          *  District Court for the
                                 *  District of Nebraska.
Susan Bohn; Phil Jefferson,      *    [PUBLISHED]
                                 *
            Appellees.           *

_____

                Submitted:  December 18, 1995

                    Filed:  August 2, 1996
_____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
_____

PER CURIAM.


     Donald Earl Atkinson appeals from the district court's order
dismissing sua sponte his 42 U.S.C. § 1983 action against psychologist
Susan Bohn, mental health counselor Phil Jefferson, and others unknown.
We affirm.


     Nebraska inmate Atkinson alleged in his complaint, filed in forma
pauperis, that for several years Bohn and Jefferson subjected him to
punishment in retaliation for filing a previous lawsuit, and  they made
false representations to the state juvenile court and state agency
officials about his lack of treatment progress, which affected his
visitation rights.  He also alleged he had to sleep and eat on the floor
in his cell, and he was denied access to the courts.  Atkinson sought
damages and an accurate report of his treatment status.

Pursuant to the district court's Local Rule 83.10(d)(2), the magistrate judge concluded that Atkinson's claims were not frivolous; ordered Atkinson to pay a partial filing fee; ordered the clerk to issue summonses upon defendants, and the Marshal to serve defendants, but informed defendants they were not required to answer or otherwise respond to the complaint;[1] and reviewed the complaint under Federal Rule of Civil Procedure 12(b)(6) to determine whether Atkinson had stated a claim upon which relief could be granted.[2] The magistrate judge summarized Atkinson's complaint as raising claims of retaliation, denial of visitation, denial of access to the courts, and Eighth Amendment violations relating to his conditions of confinement. The magistrate judge noted several deficiencies in the complaint, and granted Atkinson leave to file an amended complaint.

Atkinson paid the partial filing fee and amended his complaint, detailing the chronology of retaliatory conduct to which defendants and other mental health personnel allegedly subjected him, and the lack of his meaningful access to the courts. The magistrate judge recommended dismissal under Rule 12(b)(6).

After conducting de novo review, the district court adopted the magistrate judge's report and dismissed the action without prejudice. Atkinson timely appeals, arguing only that his allegations were sufficient to state a retaliation claim.

---

[1]The summonses contained the following provision:

THE COMPLAINT SERVED WITH THIS SUMMONS IS SUBJECT TO INITIAL REVIEW BY THE COURT. YOU ARE NOT REQUIRED TO ANSWER OF OTHERWISE RESPOND UNLESS AND UNTIL FURTHER NOTIFIED TO DO SO BY THIS COURT. SEE THE COURT FILE FOR FURTHER INFORMATION.

[2]Local Rule 83.10(d)(2) also provides for initial sua sponte review of all pro se complaints pursuant to Fed. R. Civ. P. 12(b)(6), whether they are fee paid or in forma pauperis.

We conclude that ordering service of process but deferring defendants' obligation to respond, and reviewing complaints under Rule 12(b)(6) prior to service of process and responsive pleadings, were not procedures contemplated by the Federal Rules of Civil Procedure or supported by case law at the time this case was processed in the district court.  See Hake v. Clarke, No. 95-1960 (8th Cir. _____).  We note, however, that under the newly-enacted Prison Litigation Reform Act, a district court may review, before docketing or as soon as practicable after docketing, a complaint brought by a prisoner seeking redress from a governmental entity or officer to determine if the complaint fails to state a claim upon which relief may be granted.  See Prison Litigation Reform Act (Act), Pub. L. No. 104-134, § 805, 110 Stat. 1321, ____ (1996) (to be codified at 28 U.S.C. § 1915A).  In addition, the Act provides that a district court may dismiss an action filed in forma pauperis "at any time" if the court determines that the action fails to state a claim on which relief may be granted.  See id § 804(a)(5) (amending 28 U.S.C. 1915(d)) (to be codified at 28 U.S.C. § 1915(e)(2)(B)(ii)).

We review de novo a dismissal for failure to state a claim.  Ring v. First Interstate Mortgage, Inc., 984 F.2d 924, 926 (8th Cir. 1993).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  We also must liberally construe Atkinson's pro se complaint.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).

Upon our careful review of the amended complaint, we agree with the district court that Anderson failed to state a retaliation claim.  Anderson did not allege that defendants were involved in or affected by his previous litigation, and failed to allege sufficient facts upon which a retaliatory animus could be inferred.  Cf. Murphy v. Lane, 833 F.2d 106, 108-09 & n.1 (7th Cir. 1987) (per

-3-

curiam) (allegations that defendants named in lawsuits effected transfer immediately after filing of lawsuits stated retaliation claim). Because Anderson's allegations of retaliation were speculative and conclusory, this claim was properly dismissed.

Accordingly, we affirm the judgment of the district court dismissing the complaint without prejudice.

A true copy.

      Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.