Michael KANE, Plaintiff,

v.

LANCASTER COUNTY DEPARTMENT OF CORRECTIONS, Officer John Doe, et al., Defendants.

No. 4:97CV–3020.

United States District Court, D. Nebraska.

April 18, 1997.

**220**

Michael Kane, pro se.

### MEMORANDUM AND ORDER

KOPF, District Judge.

Pending before me is the report and recommendation of Magistrate Judge Piester suggesting that I dismiss this case under 28 U.S.C. § 1915(e) (West Supp.1997) because the complaint is frivolous. I respectfully disagree with Judge Piester's thoughtful analysis.

### I.

Kane contends that he was beaten, starved and robbed by guards while he was incarcerated in the Lancaster County, Nebraska, jail. Kane named the unknown guards as "Officer John Doe," "Officer Richard Roe," "Officer Donald Duck," "Officer Daffy Duck," "Officer Mickey Mouse," and "Officer Minnie Mouse."

Instead of naming Lancaster County, Nebraska, as a defendant, Kane sued the "Lancaster County Department of Corrections." The "Lancaster County Department of Corrections" is not a "person" for purposes of 42 U.S.C. § 1983 because it is only a part of Lancaster County, Nebraska.

Judge Piester concluded that Kane had not named the proper defendants and that Kane's suit was therefore frivolous under 28 U.S.C. § 1915(e). The judge recommended that the complaint should be dismissed without prejudice. Kane has not objected to the report and recommendation.

■ Recognizing that in 1996 Congress substantially altered the practice for granting in forma pauperis status to litigants, *see* 28 U.S.C. § 1915[1] (West Supp.1997) (amended 1996) and 28 U.S.C. § 1915A (West Supp. 1997) (enacted 1996), I reject the report and recommendation because I believe it to be incorrect as a matter of law. Briefly, the reasons for this ruling are set forth below.

### II.

■ First, Kane is not a "prisoner" for purposes of 28 U.S.C. § 1915 and 28 U.S.C. § 1915A because Kane was not in jail or otherwise in custody when he filed the complaint. While Kane was a prisoner at the time of the incident alleged in the complaint, this fact does not allow us to treat Kane as a "prisoner" for purposes of 28 U.S.C. §§ 1915 and 1915A.

Kane is not "prisoner" for purposes of 28 U.S.C. §§ 1915 and 1915A because the statutes speak of "prisoner" in the present tense. For example, 28 U.S.C. § 1915(a)(2) refers to a *"prisoner seeking* to bring a civil action...." (Emphasis added.) Likewise, 28 U.S.C. § 1915A(a) requires judicial screening of "a complaint in a civil action in which *a prisoner seeks* redress...." (Emphasis added.) Moreover, the statutes define a "prisoner" as "any person *incarcerated or detained in any facility who is* accused of, convicted

---

1. Oddly, 28 U.S.C. § 1915(a)(1) (West Supp. 1997) (amended 1996) authorizes in forma pauperis status for "a person who submits an affidavit that includes a statement of all assets *such prisoner* possesses that the person is unable to pay such fees or give security therefor." (Emphasis added.) To the extent this language literally means that in forma pauperis status can be granted only to prisoners, I reject that interpretation as absurd.

of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. §§ 1915(h) & 1915A(c) (emphasis added).

Since Kane was not a prisoner when he sued, this court is not authorized to engage in the screening contemplated by 28 U.S.C. § 1915A(a) & (b). This statute provides:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

In contrast to section 1915A that pertains to prisoners only, there is no explicit authorization in 28 U.S.C. § 1915, which pertains to prisoners and nonprisoners alike, for the courts to conduct preanswer screening for any purpose.

Second, for nonprisoner cases, I read 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, in light of *Hake v. Clarke,* 91 F.3d 1129, 1132 & n. 3 (8th Cir.1996) (suggesting that preanswer screening for Rule 12(b)(6) purposes was limited to prisoner cases under 28 U.S.C. § 1915A), to prohibit us from conducting an initial sua sponte review of a nonprisoner in forma pauperis complaint for the purposes of determining whether the complaint satisfies Fed.R.Civ.P. 12(b)(6). Stated simply, sua sponte initial review for Rule 12(b)(6) purposes is limited to prisoner cases pursuant to 28 U.S.C. § 1915A(a) & (b).

The language of 28 U.S.C. § 1915(e)(2)(B)(ii) might be read to suggest that all in forma pauperis complaints, not just in forma pauperis complaints by prisoners, can be dismissed anytime for failure to state a claim, and such language therefore authorizes preanswer screening for Rule 12(b)(6) purposes of any in forma pauperis complaint, prisoner and nonprisoner alike. In pertinent part, the statute states: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that .... the action ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

However, until I receive clear direction from the Court of Appeals on this point, I decline to adopt an interpretation of section 1915(e) which holds that preanswer screening for Rule 12(b)(6) purposes is proper for nonprisoner in forma pauperis cases. I come to this conclusion because *Hake* seems to suggest that 28 U.S.C. § 1915A limits preanswer Rule 12(b)(6) screening authority to prisoner cases only. *Hake,* 91 F.3d at 1132 & n. 3. *See also Atkinson v. Bohn,* 91 F.3d 1127, 1128 (8th Cir.1996) (reading section 1915(e)(2)(B)(ii) and section 1915A together when affirming preanswer screening and Rule 12(b)(6) dismissal of prisoner case).

Also, limiting preanswer screening for Rule 12(b)(6) purposes to prisoner cases would be a sensible construction of the statutes. This is true because the only preanswer "screening" explicitly required or permitted by either section 1915 or 1915A is for prisoner cases. *Compare* 28 U.S.C. § 1915(e)(2) *with* 28 U.S.C. § 1915A(a) & (b).

Third, although 28 U.S.C. § 1915, as amended in 1996, does not explicitly authorize preanswer screening to decide whether a nonprisoner complaint is "frivolous or malicious," such preanswer screening has long been part of the in forma pauperis process for prisoner and nonprisoner cases alike. *See Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (applying 28 U.S.C. § 1915(d) before the 1996 amendments). It appears that former 28 U.S.C. § 1915(d), which *Neitzke* interpreted, was redesignated (and amended) as 28 U.S.C. § 1915(e). *See* Historical and Statutory Notes, 28 U.S.C.A. § 1915 (West Supp.1997) (Pub.L.104–134, § 101[ (a) ] [§ 804(a)(2) ], redesignated former subsection (d) as (e)). It is, therefore, impossible to believe that Congress intended to limit the practice of prean-

swer "frivolous and malicious" screening to prisoner cases because of the 1996 amendments. Thus, I interpret 28 U.S.C. § 1915(e)(2)(B)(i) to authorize preanswer screening of nonprisoner in forma pauperis complaints for the purpose of deciding whether the complaint is frivolous or malicious.

Consequently, assuming the allegation of poverty is true, when this court is confronted with a nonprisoner in forma pauperis complaint, we are limited, in terms of sua sponte initial review, to deciding whether the nonprisoner in forma pauperis complaint is frivolous or malicious. *See Hake v. Clarke,* 91 F.3d at 1132 & n. 3 ("We find no support for the district court to have ... conducted an initial review of all pro se complaints under Rule 12(b)(6) before service of process and responsive pleadings," but noting that initial review for Rule 12(b)(6) purposes was authorized for prisoner cases under 28 U.S.C. § 1915A); *Porter v. Fox,* 99 F.3d 271, 273 (8th Cir.1996) ("All of our post-*Neitzke* decisions have uniformly held that a district court may not dismiss prior to service of process unless the complaint is frivolous"); *Carney v. Houston,* 33 F.3d 893, 895 (8th Cir.1994) ("If the complaint is frivolous or malicious, the district court should dismiss it out of hand. If, however, the complaint is not frivolous or malicious, the district court should grant *in forma pauperis* status and order issuance and service of process").[2]

One caveat is necessary. Even after in forma pauperis status has been granted, " 'if the Court becomes convinced at any time that the complaint is frivolous or malicious, it may revoke *in forma pauperis* status and dismiss the complaint under 28 U.S.C. § 1915(d) [now 28 U.S.C. § 1915(e) ].' " *Carney v. Houston,* 33 F.3d at 895 (quoting *Gentile v. Missouri Dept. of Corrections,* 986 F.2d 214, 217 (8th Cir.1993)). Thus, on its own motion, a district court retains the power to dismiss a nonprisoner in forma pauperis case as frivolous anytime.

Fourth, a determination of whether an in forma pauperis complaint is frivolous or malicious depends upon the answer to two questions. *Neitzke v. Williams,* 490 U.S. at 327, 109 S.Ct. at 1832–33 (applying 28 U.S.C. § 1915(d) as it existed in 1989). Those questions are: (1) is the claim "based on an indisputably meritless legal theory" and (2) is the claim based upon "factual contentions [that] are clearly baseless[?]" *Id.* If the answer to either question is "yes," then the complaint is frivolous, and in forma pauperis status should be denied (or revoked). *Id.* at 325, 109 S.Ct. at 1831–32. However, a claim is not "frivolous or malicious" simply because it fails to state a claim under Rule 12(b)(6). *Id.* at 328, 109 S.Ct. at 1833.

Fifth, where, as here, a plaintiff complains he was beaten, robbed and starved at the hands of jail guards, the complaint is not based upon "an undisputably meritless legal theory" or a factual contention that is "clearly baseless." Kane's complaint is on a form approved by this court, and it is signed under penalties of perjury. Kane explicitly alleges: (1) an Eighth Amendment legal theory, and (2) specific facts showing that he was beaten, robbed and starved while in jail. (Filing 1, ¶ V).

While Kane may not have named the county correctly, this failure does not make the complaint legally meritless or factually baseless. Moreover, while use of fictitious defendants or reference to unknown defendants as cartoon characters are not good pleading practices, the complaint is not fanciful or incomprehensible from a factual point of view. Kane obviously claims that real people, whose names he does not presently know, assaulted, robbed and starved him. In short, while Kane would be well advised to file an amended complaint naming proper defendants, the present complaint, deficient although it may be in other respects, is not frivolous or malicious.

---

2. This court previously took the position that preanswer screening for both paid and in forma pauperis complaints for all purposes, including compliance with Rule 12(b)(6), was proper if the plaintiff did not have a lawyer. In other words, this court believed that the lack of counsel, rather than the fact of indigency, justified preanswer screening of pro se complaints. It is now clear that the Court of Appeals for the Eighth Circuit in *Hake, Porter,* and *Carney* has rejected this view.

Accordingly,

IT IS ORDERED that:

1. the report and recommendation (filing 4) is rejected;

2. Kane is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) as a nonprisoner;

3. if Kane presents the summonses to the Clerk of the Court in conformity with Federal Rule of Civil Procedure 4(a) & (b), the Clerk of the Court is directed to issue the summonses to Kane;

4. Kane is directed to serve summonses within 120 days of this date pursuant to Federal Rule of Civil Procedure 4;

5. Kane is advised that, without additional notice from this court, failure to show proof of service of the summonses within 120 days of this date, according to the provisions of Rule 4, may result in dismissal of this case without prejudice pursuant to Rule 4(m);

6. Kane's request for appointment of counsel is denied;

7. the Clerk of the Court shall bring this file to my attention in 121 days;

8. Magistrate Judge Piester shall conduct the pretrial progression of this case in the normal fashion.