# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2054

_____

Lance Pounders,                           *
                                          *
            Appellant,                    *
                                          *    Appeal from the United States
      v.                                  *    District Court for the
                                          *    Eastern District of Missouri.
Gary Kempker; George Lombardie;           *
Winfrey Dickerson; Larry Rowley;          *    [UNPUBLISHED]
Douglas Prudden; Jim Moore; Clark         *
Brown, Chaplain,                          *
                                          *
            Appellees.                    *

_____

Submitted:  October 24, 2003

Filed:  October 31, 2003

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM

_____

      Missouri inmate Lance Pounders appeals the district court's preservice dismissal of his complaint brought under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA).  Pounders named various officials at the Missouri Department of Corrections and at Northeast Correctional Center

(NECC), where Pounders is incarcerated. Claiming First Amendment and RLUIPA violations, Pounders alleged that he sincerely adheres to the Native American "Pipe Religion," and that defendants had substantially burdened his religious practice by not permitting him to use a sweat or purification lodge.[1] Pounders sought only injunctive relief.

The district court dismissed Pounders's complaint under 28 U.S.C. § 1915(e)(2)(B), relying on Hamilton v. Schriro, 74 F.3d 1545, 1547 (8th Cir.), cert. denied, 519 U.S. 874 (1996), in which we found that prison officials' decision to deny a Missouri inmate access to a sweat lodge at Potosi Correctional Center did not violate the inmate's right, under the First Amendment or under the Religious Freedom Restoration Act (RFRA), to practice his Native American religion. Pounders unsuccessfully moved for reconsideration under Federal Rule Civil Procedure 59(e).

Section 1915(e)(2)(B) requires dismissal if the court determines a complaint is frivolous or fails to state a claim, and we review such a dismissal de novo. See Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam). The RLUIPA prohibits prison officials from imposing a substantial burden on the exercise of religion unless they can show that the burden serves a compelling interest and is the least restrictive means of advancing that interest. See 42 U.S.C. § 2000cc-1(a).

As the district court recognized, the sweat-lodge claim in Hamilton was brought under both section 1983 and RFRA, see Hamilton, 74 F.3d at 1547, and although RFRA has since been held unconstitutional, see City of Boerne v. Flores, 521 U.S. 507, 536 (1997), it contained the compelling-interest, least-restrictive

---

[1]Pounders also raised claims about restrictions on eagle feathers, pipes, dance bells, and celebrating Native American "holy days"; the denial of a spiritual advisor; and the preferential treatment of Christian inmates. He does not challenge the dismissal of these claims on appeal. See Eddings v. City of Hot Springs, Ark., 323 F.3d 596, 599 n.2 (8th Cir. 2003).

standard found in RLUIPA, see Hamilton, 74 F.3d at 1551-52. Thus, Hamilton is instructive, but we disagree with the district court's conclusion that Hamilton forecloses Pounders's sweat-lodge claim. In Hamilton the record had been fully developed as to the prison officials' basis for denying the inmate's requests for a sweat lodge: this court was reviewing the grant of injunctive relief following a 1994 hearing at which various officials testified. See id. at 1547-48. In contrast, here there was nothing before the district court but Pounders's complaint, which involved a different Missouri prison; further, Pounders alleged below that NECC is a lower-security-level institution than Potosi.[2] See id. at 1557 (recognizing that successful sweat-lodge claim might be possible under different circumstances); Atkinson v. Bohn, 91 F.3d at 1127, 1128-29 (8th Cir. 1996) (per curiam) (complaint should not be dismissed for failure to state claim unless it appears beyond doubt plaintiff can prove no set of facts supporting his claim and entitling him to relief; pro se complaints should be liberally construed).

Accordingly, we reverse and remand for further proceedings consistent with this opinion. We also deny all pending motions.

————————————————

---

[2]Interestingly, it appears that a sweat lodge has since been built at Potosi.