# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3700

_____

Charles D. Wheat,      *
     *
         Appellant,      *
     *  Appeal from the United States
       v.      *  District Court for the
     *  Western District of Missouri.
Dora B. Schriro; George Lombardi;      *
Steven E. Moore; Troy Steele; Robin      *  [UNPUBLISHED]
Thorne; Krista Thompson; Melinda      *
Meyer; Scott Swearengin; Tony      *
Trammell; Chris Weddle; Michael      *
Cornell; Jeffrey Seeley; Cammie      *
Routh; Darin Morgan,      *
     *
         Appellees.      *

_____

Submitted: November 4, 2003
Filed: November 10, 2003 **(Corrected 3/4/04)**

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Charles B. Wheat appeals the District Court's Federal Rule of Civil Procedure 12(b)(6) dismissal of his 42 U.S.C. § 1983 action. Having carefully reviewed the record, see Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697–98 (8th Cir. 2003) (de novo standard of review), we affirm in part and reverse in part.

Wheat sued various employees of the Missouri Department of Corrections and Western Missouri Correctional Center (WMCC),[1] seeking declaratory relief and damages. He claimed due process, equal protection, and state law violations, as well as retaliation, alleging that he was (1) wrongfully placed in administrative segregation pending reclassification, and then wrongfully reclassified and transferred; (2) threatened and harassed (by unidentified WMCC third-shift corrections staff); and (3) assessed $6.50 after being improperly convicted of a false conduct-violation charge, i.e., damaging his room key.

Contrary to Wheat's assertion on appeal, the District Court was required to consider the sufficiency of his due process and equal protection claims even if defendants did not address them in their dismissal motions. See 28 U.S.C. § 1915A (screening of inmate complaints). Further, we agree with the court that Wheat failed to state a due process claim, and that some of his equal protection and retaliation claims failed as well. Neither Wheat's transfer to a higher-security facility nor his brief stay in administrative segregation would trigger his due process rights. See Freitas v. Ault, 109 F.3d 1335, 1337 (8th Cir. 1997) (focus should be on whether alleged deprivation imposes "atypical and significant hardship . . . in relation to ordinary incidents of prison life") (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). As to Wheat's allegations against Tony Trammell, Michael Cornell, Jeffrey Seeley, and Cammie Routh, he cannot base a due process claim on their alleged failure to follow two policies at the disciplinary hearing, see Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) ("Due Process Clause does not federalize state-law procedural requirements"); and in any event, he received all the process that was due before the $6.50 was assessed, cf. Superintendent v. Hill, 472 U.S. 445, 454 (1985) (requirements where disciplinary hearing may result in loss of good-time credits). In addition, the related equal protection and retaliation claims against these defendants were properly dismissed: Wheat's allegations did not involve violations of

---

[1]Chris Weddle was never served.

fundamental rights, membership in a protected class, or different treatment of similarly situated inmates, see Phillips v. Norris, 320 F.3d 844, 848 (8th Cir. 2003) (elements of equal protection claim); and the decision to discipline him for damaging his room key was based on some evidence (although he challenged its truthfulness), see Farver v. Schwartz, 255 F.3d 473, 474 (8th Cir. 2001) (per curiam).

In contrast, we find that the District Court should not have dismissed Wheat's remaining retaliation and equal protection claims. First, as we interpret Wheat's complaint, he was not seeking damages based on a direct or indirect challenge to a parole board decision, a claim that would have been barred by Heck v. Humphrey, 512 U.S. 477 (1994). Rather, we read his complaint as claiming that he was placed in administrative segregation pending reclassification, and then reclassified and transferred, in retaliation for his participation in another civil rights lawsuit (Calia). See Atkinson v. Bohn, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (per curiam) (complaint should not be dismissed for failure to state claim unless it is clear plaintiff can prove no set of facts in support of claim entitling him to relief) (quoting Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Goff v. Burton, 7 F.3d 734, 737 (8th Cir. 1993) (while officials may transfer inmate for any reason or no reason, they cannot transfer inmate in retaliation for exercising constitutional right), cert. denied, 512 U.S. 1209 (1994). Wheat specifically alleged that defendants could not reclassify him even if the parole board's August 1998 decision (which defendants cited as the basis for their actions in June 1999) effectively cancelled his "7/12" or "time credit" release date; that three of the defendants in the instant lawsuit were also defendants in Calia, a case involving conditions at WMCC; and that when defendants reclassified him, he was the only Calia plaintiff still at WMCC, and the Calia defendants had moved to dismiss that lawsuit. See Atkinson, 91 F.3d at 1129 (inmate must allege sufficient facts upon which retaliatory animus could be inferred). Although Wheat attached to his complaint the response to his grievance about these events, see Guzell v. Hiller, 223 F.3d 518, 519 (7th Cir. 2000) (plaintiff's purpose in attaching exhibit to complaint determines what assertions, if any, in exhibit are facts plaintiff has

incorporated into complaint), we find that given the allegations in Wheat's complaint, he did not attach the response to show defendants' actions were warranted, cf. id. (by attaching police report to complaint, plaintiff made it part of complaint "for all purposes" under Fed. R. Civ. P. 10(c), but that did not mean he necessarily vouched for all facts set forth in it).

Second, as the basis for his related equal protection claim, Wheat alleged that all other inmates were classified based on their 7/12 or time credit release date, while he was not. Cf. Peck v. Hoff, 660 F.2d 371, 373 (8th Cir. 1981) (per curiam) (inmate did not allege that he or class to which he belonged received treatment from classification board that was invidiously dissimilar to that received by other inmates, and without such allegation there was no basis for equal protection claim).

Third, we believe that Wheat stated a claim based on retaliatory threats and harassment by third-shift corrections staff. While he did not name these persons or list them in the caption of his complaint, Wheat specifically alleged that they retaliated against him for his filing of grievances, and there is no reason to believe that on remand their identities could not be discovered. See Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994) (threat is sufficient injury if made in retaliation for inmate's use of grievance process); Yeseta v. Baima, 837 F.2d 380, 382–83 (9th Cir. 1988) (where defendant was sufficiently identified in body of complaint, action against defendant was properly maintained); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (dismissal is proper only when it appears true identity of defendant cannot be learned through discovery or court's intervention).

Accordingly, we affirm the dismissal of the disciplinary-related claims against defendants Trammell, Cornell, Seeley, and Routh. We reverse the dismissal of the reclassification-related retaliation and equal protection claims against defendants Dora B. Schriro, George Lombardi, Steven E. Moore, Darin Morgan, Troy Steele, Robin Thorne, Krista Thompson, Melinda Meyer, Scott Swearengin, and Trammell.

We also reverse as to the retaliation claim against the unidentified third-shift corrections staff, and direct the District Court to list them as "John Doe" defendants in the complaint caption.  We remand for further proceedings consistent with this opinion.

_____