# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3824

_____

| | | |
|---|---|---|
| William G. Carter, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| R. Timothy Bickhaus, P.A., | * | [UNPUBLISHED] |
| | * | |
| Appellee, | * | |

_____

Submitted: June 3, 2005
Filed: July 27, 2005

_____

Before BYE, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

William G. Carter was civilly committed after pleading not guilty by reason of insanity to state criminal charges. He brought this civil-rights action against the state prosecutor, asking for damages, release from custody, and other injunctive relief. The district court dismissed the action under 28 U.S.C § 1915(e)(2)(B), and Carter appeals.

We grant Carter leave to appeal in forma pauperis. Having carefully reviewed the record de novo, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam), we conclude for the reasons the district court stated that dismissal of the

complaint--insofar as it sought damages and injunctive relief other than release--was proper, in part based on Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). However, we modify the dismissal to be without prejudice. See Sheldon v. Hundley, 83 F.3d 231, 234 (8th Cir. 1996).

As for Carter's request for release, we agree with the district court that such relief is not available under 42 U.S.C. § 1983, but is properly sought in a habeas corpus petition after exhaustion of state remedies. See Preiser v. Rodriguez, 411 U.S. 475, 487-90 (1973). Construing this aspect of the complaint as a habeas petition, see Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling), we are unable to determine on the record before us whether Carter has fully exhausted the necessary state procedures to challenge his civil commitment. The district court should make this determination after giving Carter the opportunity to demonstrate, through an amended habeas petition, that he has met the exhaustion requirement. Cf. Rhines v. Weber, 125 S. Ct. 1528, 1533-35 (2005) (discussing district court's options for handling habeas petitions in light of time limitations imposed by 28 U.S.C. § 2244(d)). We suggest the district court reconsider Carter's motion for appointment of counsel.

Accordingly, we affirm in part, as modified, and remand in part for further proceedings consistent with this opinion.

_____