# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2050

_____

Dean Benter,                                    *
                                                *
            Appellant,                          *
                                                *       Appeal from the United States
    v.                                          *       District Court for the
                                                *       District of Minnesota.
State of Iowa, Department of                    *
Transportation; Rhonda; Lois; State             *       [UNPUBLISHED]
of Minnesota; Minnesota License                 *
Office, La Crescent, MN and St. Paul,           *
MN; City of La Crescent Police                  *
Department; Officer James H.                    *
Michalke,                                       *
                                                *
            Appellees.                          *

_____

Submitted: April 4, 2007
Filed: April 9, 2007

_____

Before COLLOTON, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Dean Benter appeals the district court's[1] dismissal of his action under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Benter sued several states and state entities, and the district court concluded that many of his claims were barred by Eleventh Amendment

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, adopting the report and recommendation of the Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

immunity, and that Benter otherwise failed to state a claim. Upon de novo review, *see Moore v. Sims*, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (standard of review), we agree with the district court's analysis, *see P.R. Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145-46 (1993) (Eleventh Amendment bars suits for injunctive relief against states and their agencies); *Pugh v. Alabama*, 483 U.S. 781, 782 (1978) (Eleventh Amendment bars suits against states unless they have consented to suit or Congress has validly abrogated their immunity); *Dixon v. Love*, 431 U.S. 105, 112-13 (1977) (no pre-termination hearing required when driver's license denied based on objective facts in record, such as traffic violations). As to Benter's contention that the district court should have granted him a default judgment because defendants never answered his complaint, we note that the action was dismissed prior to service, so defendants were not in default. *See* 28 U.S.C. § 1915(e)(2) (authorizing dismissal "at any time" for one of specified grounds); Fed. R. Civ. P. 12(a)(1)(A) (answer shall be filed within 20 days of service of complaint).

The judgment of the district court is affirmed. *See* 8th Cir. R. 47B.

_____