# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3489

_____

| | | |
|---|---|---|
| Kenny Halfacre, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| David Cruseturner, Assistant | * | |
| Director, Arkansas Department of | * | [UNPUBLISHED] |
| Correction; Larry May, Assistant | * | |
| Director, Arkansas Department of | * | |
| Correction, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 7, 2008
Filed: November 17, 2008

_____

Before WOLLMAN, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Kenny Halfacre appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action following two pretrial evidentiary hearings. Upon careful

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

review, see Choate v. Lockhart, 7 F.3d 1370, 1373 & n.1 (8th Cir. 1993) (standard of review for pretrial evidentiary hearing without jury demand), we agree with the district court that Halfacre failed to show that defendants took adverse action against him in retaliation for engaging in constitutionally protected activities. See Sisneros v. Nix, 95 F.3d 749, 752 (8th Cir. 1996) (inmate claiming retaliation is required to meet substantial burden of proving actual motivating factor for adverse action was as alleged); Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (allegations of retaliation must be more than speculative and conclusory); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be liable, defendant in § 1983 action must have been personally involved in or directly responsible for conduct that caused injury). We reject Halfacre's remaining arguments. See Estate of Davis v. Delo, 115 F.3d 1388, 1393-94 (8th Cir. 1997) (credibility determinations are within province of trier of fact); Williams v. Carter, 10 F.3d 563, 566 (8th Cir. 1993) (decision whether to issue subpoena is discretionary).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____