# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3123

_____

Michael C. Antonelli,

  Appellant,

   v.

Mark Tipton, Unit Manager, FCI-
Forrest City; Smith, Lt., FCI - Forrest
City; Patterson, Drug Treatment
Specialist, FCI - Forrest City; Alison
Marie Rusk-Luekefeld, Residential
Drug Abuse Program Coordinator,
FCI - Forrest City; Martha Depoorter,
Counselor, FCI - Forrest City; Peevee,
Education Secretary, FCI - Forrest
City; Pritkin, Commissary Officer,
FCI - Forrest City; J Carroll, Assistant
Health Services Administrator,
FCI - Forrest City; Rick Marquez,
Captain, FCI - Forrest City; Ward,
Lt., FCI - Forrest City; G Shaver,
Drug Treatment Specialist, FCI -
Forrest City; Gaucher, Property
Officer, FCI - Forrest City; Wanzer,
Lt., FCI - Forrest City; Garcia; USA;
P McBride, Trust Fund Supervisor,
FCI - Forrest City,

  Appellees.

* * *
Appeal from the United States
District Court for the
Eastern District of Arkansas.

[UNPUBLISHED]

_____

Submitted: December 1, 2009
Filed: December 16, 2009
_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Former federal inmate Michael Antonelli brought suit for damages under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA) against officials at the Federal Correctional Complex in Arkansas. He alleged that defendants retaliated against him for filing grievances, and violated his First and Eighth Amendment rights, as well as his right to due process. The district court[1] dismissed the complaint under 28 U.S.C. § 1915A for failure to state a claim. Antonelli appeals. After careful de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we affirm.

First, we conclude that Antonelli failed to state a retaliation claim because he either failed to allege which defendants were involved in or affected by his grievances, see Atkinson v. Bohn, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (affirming dismissal of 42 U.S.C. § 1983 claim where inmate failed to allege sufficient facts from which retaliatory animus could be inferred); see also Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999) (per curiam) (§ 1983 and Bivens suits involve same analysis), or failed to allege particular actions by specific defendants that would have

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the findings and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

chilled a person of ordinary firmness from filing grievances, <u>see</u> <u>Lewis v. Jacks</u>, 486 F.3d 1025, 1028 (8th Cir. 2007).

We also conclude that dismissal was proper as to each of the remaining <u>Bivens</u> claims because Antonelli either did not allege facts rising to the level of a constitutional violation, or did not allege facts indicating any defendant's personal involvement in the claimed violation. <u>See</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 475-76, 483-84 (1995) (confinement in segregation does not implicate Due Process Clause unless confinement imposes atypical and significant hardship on inmate in relation to ordinary prison life); <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (requirements for Eighth Amendment claim against prison official); <u>Bandy-Bey v. Crist</u>, 578 F.3d 763, 767 (8th Cir. 2009) (per curiam) (requirements for establishing violation of substantive due process rights); <u>Marshall v. Knight</u>, 445 F.3d 965, 968 (7th Cir. 2006) (for prisoner claiming denial of access to courts, notice pleading requires specific allegations as to prejudice suffered because of defendants' alleged conduct); <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (where plaintiff did not allege defendant was personally involved in or had direct responsibility for incidents that injured him, his claims against that defendant were not cognizable under § 1983).

Finally, we conclude that Antonelli failed to state a claim under the FTCA. <u>See</u> 28 U.S.C. § 2680(a), (c) (FTCA's waiver of sovereign immunity shall not apply to any claim based on federal agent's exercise or performance of discretionary function, or to any claim arising in respect of detention of any goods, merchandise, or other property by law enforcement officer); § 1346(b)(2) (requiring person convicted of felony who is incarcerated while serving sentence to show physical injury before bringing civil action against United States for mental or emotional injury).

Accordingly, we affirm.

_____