**Craig JOHNSON, Plaintiff,**

v.

**BLOOMINGTON POLICE and Hennepin County Sheriffs, Defendants.**

Case No. 16-cv-0560 (WMW/LIB)

United States District Court, D. Minnesota.

Signed June 27, 2016

Craig Johnson, Crosslake, MN, pro se.

## ORDER REJECTING REPORT AND RECOMMENDATION

Wilhelmina M. Wright, United States District Judge

This matter comes before the Court on the March 18, 2016 Report and Recommendation ("R&R") of United States Magistrate Judge Leo I. Brisbois, who recommends denying Plaintiff Craig Johnson's application to proceed *in forma pauperis* and dismissing Johnson's Complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons addressed below, the Court rejects the magistrate judge's R&R and remands this matter to the magistrate judge to rule on the merits of Johnson's application to proceed *in forma pauperis*.

### BACKGROUND

On March 3, 2016, Johnson filed a Complaint against Defendants Bloomington Police and Hennepin County Sheriffs, (Dkt. 1), along with an application to proceed *in forma pauperis* without prepaying fees or costs, (Dkt. 2). The Complaint includes a one-page statement of the claim that appears to allege that the Bloomington Police seized Johnson's medical records, and that the Hennepin County Sheriff seized other unspecified items. To date, Johnson has not effected service of a summons and complaint on any defendant. On March 18, 2016, the magistrate judge issued an R&R recommending that the Court dismiss this case sua sponte and without prejudice because Johnson fails to state a claim on which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Dkt. 3.) In light of this recommendation, the magistrate judge did not rule on the merits of Johnson's application to proceed *in forma pauperis* and instead recommends denying the *in forma pauperis* application. Johnson filed no objections to the R&R.

## ANALYSIS

A party "may file and serve specific written objections to a magistrate judge's proposed findings and recommendations." LR 72.2(b)(1). The district court reviews de novo those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1). When doing so, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). No party objected to the R&R in this case.[1] Although a district judge is not *required* to review an R&R de novo if no objections are filed, the district court is not precluded from reviewing an R&R "*sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) (observing that a "district judge has jurisdiction over the case at all times" and "retains full authority to decide whether to refer a case to the magistrate, to review the magistrate's report, and to enter judgment"); *accord Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1010 n.3 (8th Cir.2015). Accordingly, this Court will review the magistrate judge's March 18, 2016 R&R notwithstanding the absence of any objections.

A district court may dismiss a complaint sua sponte for failure to state a claim. *Smith v. Boyd*, 945 F.2d 1041, 1042–43 (8th Cir.1991). But a district court lacks the authority to dismiss a case sua sponte before service of process is effected unless the complaint is frivolous. *Porter v. Fox*, 99 F.3d 271, 273 (8th Cir.1996) (observing that the Supreme Court of the United States has distinguished claims that are frivolous from claims that fail to state a

claim (citing *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989))). A sua sponte dismissal before the defendant has been served is "disfavored because the district court is cast in the role of a proponent for the defense, rather than an independent entity." *Id.* at 274 (internal quotation marks omitted). This service-of-process prerequisite includes the filing of responsive pleadings. *Id.* Thus, unless otherwise authorized by the Prison Litigation Reform Act ("PLRA"), there is "no support for the district court to conduct an initial review of all nonprisoner pro se fee-paid complaints under Rule 12(b)(6) before service of process and responsive pleadings." *Id.* (internal citation omitted). Because the record here does not establish that Defendants have been served or permitted an opportunity to file responsive pleadings, sua sponte dismissal of Johnson's Complaint is not permitted unless authorized by the PLRA.

In support of the recommendation to dismiss for failure to state a claim, the magistrate judge relies on 28 U.S.C. § 1915(e)(2)(B)(ii), which is a part of the PLRA. *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir.1998). "The purpose of the [PLRA] was to require all *prisoner-litigants* to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." *Id.* (emphasis added). But Johnson is not a prisoner. Therefore, unless 28 U.S.C. § 1915(e)(2)(B)(ii) applies to a plaintiff who is not a prisoner litigant, this statutory provision does not support a decision to dismiss Johnson's Complaint.

Section 1915(e)(2)(B)(ii), which permits sua sponte dismissal for failure to

---

1. Johnson filed a letter with the Court on May 6, 2016. (Dkt. 4.) Although Johnson's letter does not directly address or object to the R&R, the letter continues to advance John-

son's allegations against Defendants, which suggests that Johnson does not concede that his Complaint should be dismissed.

state a claim, does not expressly reference prisoners. Rather, that subsection provides, in relevant part: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). When interpreting a statute, a court considers the language of the relevant provision in the context of the entire statutory text. *E.g., Pub. Water Supply Dist. No. 3 of Laclede Cnty., Mo. v. City of Lebanon, Mo.,* 605 F.3d 511, 517 (8th Cir.2010). And even though the particular subsection of the PLRA governing sua sponte dismissal does not use the term "prisoner," Section 1915 as a whole pertains to civil actions brought by prisoners. *See* 28 U.S.C. § 1915; *Ashley,* 147 F.3d at 716. In fact, nearly every subsection in Section 1915 expressly governs prisoners and civil actions brought by prisoners. Thus, when viewed in context, the statutory text suggests that the authority to sua sponte dismiss a case under Section 1915(e)(2)(B)(ii) is limited to cases brought by prisoners.

Consistent with the statutory text, Eighth Circuit precedent also suggests that the authority to sua sponte dismiss a case under Section 1915(e)(2)(B)(ii) is limited to *in forma pauperis* cases *brought by prisoners.* In *Porter,* the Eighth Circuit observed that "the new procedures in the [PLRA], allowing dismissal for failure to state a claim do not apply to this case: [plaintiff] was not proceeding in forma pauperis, *nor was he a prisoner.*" 99 F.3d at 273 n.1 (emphasis added) (citation omitted). The reference in *Porter* to the plaintiff's nonprisoner status would be superfluous if it were not relevant to the applicability of Section 1915(e)(2)(B)(ii).

The Court is mindful that on several occasions the Eighth Circuit has affirmed decisions dismissing a nonprisoner case under 28 U.S.C. § 1915. *E.g., Fogle v. Blake,* 227 Fed.Appx. 542, 1 (8th Cir.2007); *Benter v. Iowa,* 221 Fed.Appx. 471 (8th Cir.2007); *Carter v. Bickhaus,* 142 Fed. Appx. 937, 938 (8th Cir.2005). But each of these unpublished decisions lacks any analysis addressing the rationale for applying Section 1915(e)(2)(B)(ii) to a nonprisoner case, and each lacks any precedential value. *See* 8th Cir. R. 32.1A. Relying on these unpublished decisions, along with decisions from other circuits, other district courts in this circuit also have concluded that the dismissal provisions of Section 1915(e)(2) apply to nonprisoners. *See, e.g., Zessin v. Neb. Health & Human Servs.,* No. 8:07CV247, 2007 WL 2406967, at *1–2 (D.Neb. Aug. 20, 2007) (collecting cases); *see also* 16AA Charles Alan Wright, et al., Federal Practice and Procedure: Jurisdiction and Related Matters § 3970 (4th ed. 2008) ("The PLRA also made some changes that affect non-prisoner litigants. In particular, the PLRA amended what is now Section 1915(e)(2) concerning the dismissal of a case."). But these decisions also lack both a persuasive rationale and precedential value.

The unsettled nature of this issue was addressed in *Kane v. Lancaster County Department of Corrections,* 960 F.Supp. 219, 221 (D.Neb.1997), in which the district court declined to adopt a magistrate judge's recommendation to dismiss a nonprisoner's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As the *Kane* court explained:

The language of 28 U.S.C. § 1915(e)(2)(B)(ii) might be read to suggest that all in forma pauperis complaints, not just in forma pauperis complaints by prisoners, can be dismissed anytime for failure to state a claim, and such language therefore authorizes preanswer screening for Rule 12(b)(6)

purposes of any in forma pauperis complaint, prisoner and nonprisoner alike. ... However, until I receive clear direction from the Court of Appeals on this point, I decline to adopt an interpretation of section 1915(e) which holds that preanswer screening for Rule 12(b)(6) purposes is proper for nonprisoner in forma pauperis cases. I come to this conclusion because [*Hake v. Clarke*, 91 F.3d 1129, 1132 & n. 3 (8th Cir.1996)] seems to suggest that 28 U.S.C. § 1915A limits preanswer Rule 12(b)(6) screening authority to prisoner cases only. *Hake*, 91 F.3d at 1132 & n. 3. *See also Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir.1996) (reading section 1915(e)(2)(B)(ii) and section 1915A together when affirming preanswer screening and Rule 12(b)(6) dismissal of prisoner case). Also, limiting preanswer screening for Rule 12(b)(6) purposes to prisoner cases would be a sensible construction of the statutes. This is true because the only preanswer "screening" explicitly required or permitted by either section 1915 or 1915A is for prisoner cases. *Compare* 28 U.S.C. § 1915(e)(2) *with* 28 U.S.C. § 1915A(a) & (b).

960 F.Supp. at 221.[2] This Court is persuaded by the reasoning in *Kane* and is unaware of any binding Eighth Circuit authority to the contrary.

 Without any reasoned or precedential authority providing that the dismissal provision of 28 U.S.C. § 1915(e)(2)(B)(ii) applies in nonprisoner cases, this Court lacks a sound legal basis for dismissal on those grounds and declines to adopt such an interpretation of Section 1915(e). A district court cannot sua sponte dismiss a case for failure to state a

claim before responsive pleadings have been filed *unless* permitted under the PLRA; precisely because doing so transforms the district court's role as a neutral decisionmaker into the role of an advocate for the defendant. *Porter*, 99 F.3d at 274. Here, interpreting Section 1915(e)(2)(B)(ii) to permit the dismissal of Johnson's case for failure to state a claim would place this Court in the role of an advocate for Defendants based solely on Johnson's *attempt* to proceed *in forma pauperis*. This Court does not understand the governing legal authority to permit sua sponte dismissal of a plaintiff's case before responsive pleadings have been filed based solely on the plaintiff's indigence. Therefore, the Court declines to do so here.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1. The magistrate judge's March 18, 2016 Report and Recommendation, (Dkt. 3), is **REJECTED.**

2. This matter is **REMANDED** to the magistrate judge for consideration of the merits of Johnson's application to proceed *in forma pauperis*, (Dkt. 2).

---

**2.** Both the *Hake* and *Atkinson* decisions addressed in *Kane*, 960 F.Supp. at 221, are Eighth Circuit decisions involving prisoners and *suggest* that Section 1915 may apply only to prisoner cases. But neither decision expressly limits dismissal under Section 1915 to prisoner litigation. *See Hake*, 91 F.3d at 1132; *Atkinson*, 91 F.3d at 1128.