Genise KEY, Plaintiff

v.

DOES, Defendants

No. 4:16CV00827 JLH

United States District Court,
E.D. Arkansas, Western Division.

Signed November 17, 2016

Genise Key, North Little Rock, AR, Pro Se.

## OPINION AND ORDER

J. Leon Holmes, United States District Judge

Genise Key filed a *pro se* complaint against unnamed defendants alleging violations of her constitutional rights pursuant to 42 U.S.C. § 1983. She has also filed a motion to proceed *in forma pauperis*. The Eighth Circuit has directed courts to undertake a two-step screening process with *in forma pauperis* litigants. *Martin–Tri-*

*gona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). First, district courts must determine whether a plaintiff is financially eligible to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Id.* Second, district courts are to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Id.* Section 1915(e)(2)(B) authorizes a district court to dismiss "at any time" an *in forma pauperis* complaint that is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief.

Although some district courts have limited section 1915(e)(2)(B)(ii) pre-service dismissal to litigants who are prisoners, *see, e.g., Johnson v. Bloomington Police*, No. 16–CV–0560 (WMW/LIB), 193 F.Supp.3d 1020, 1023–24, 2016 WL 3563320, at *3 (D. Minn. June 27, 2016), all of the circuit courts to address the issue have held that nonprisoner complaints can be screened and dismissed pursuant to section 1915(e)(2)(B). *See Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (holding that 28 U.S.C. § 1915(e)(2)(B) "governs IFP filings in addition to complaints filed by prisoners"); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (applying section 1915(e)(2)(B) to nonprisoner after explaining that "Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) ("While section 1915(e) applies to all *in forma pauperis* complaints, section 1915A applies only to actions in which a prisoner seeks redress from a governmental entity or employee"); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (holding that "district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike"); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (noting that in contrast to 28 U.S.C. § 1915A, "§ 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants"); *see also Merryfield v. Jordan*, 584 F.3d 923, 926 n.3 (10th Cir. 2009); *Newsome v. EEOC*, 301 F.3d 227, 231–33 (5th Cir. 2002); *Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205–06 (2d Cir. 2002). The Eighth Circuit has on several occasions affirmed decisions dismissing nonprisoner cases under section 1915. *See, e.g., Stebbins v. Stebbins*, 575 Fed.Appx. 705 (8th Cir. 2014) (unpublished per curiam); *Fogle v. Blake*, 227 Fed.Appx. 542 (8th Cir. 2007); *Benter v. Iowa*, 221 Fed.Appx. 471 (8th Cir. 2007); *Carter v. Bickhaus*, 142 Fed.Appx. 937 (8th Cir. 2005) (unpublished per curiam).

The argument for the proposition that section 1915(e)(2)(B)(ii) applies only to prisoners is that section 1915, as a whole, pertains to civil actions by prisoners. *See Johnson*, 193 F.Supp.3d at 1022–23, 2006 WL 3563320, at *2. That argument overlooks the history and structure of the statute. The federal *in forma pauperis* statute was enacted in 1892 and subsequently codified as 28 U.S.C. § 1915. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Prior to 1996, section 1915(d) authorized a court to request an attorney to represent a person who was unable to afford counsel and to dismiss the case if the allegation of poverty was untrue or the action was frivolous or malicious. 28 U.S.C. § 1915(d) (1994). Although section 1915 was extensively amended by the Prisoner Litigation Reform Act of 1996, it remains the statutory authority for a federal court to authorize persons—not only prisoners—to proceed *in forma pauperis*. With the enactment of the Prisoner Litigation Reform Act, the former section 1915(d), which,

again, applied to persons, not just prisoners, became section 1915(e). Subsection (e)(1) currently provides that the court may request an attorney to represent "any person" who is unable to afford counsel. Subsection (e)(2) provides authority for the court to dismiss "the case at any time" if "(A) the allegation of poverty is untrue; or (B) the action on appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." Thus, the former section 1915(d) became section 1915(e) with two subsections, one that included the prior statute's authority to request counsel to represent an indigent and another that authorized courts to dismiss cases. The subsection that authorized dismissal was expanded to make clear that courts could dismiss a case "at any time," and the grounds for dismissal were expanded to include not only that the action is frivolous or malicious but also that the complaint fails to state a claim upon which relief may be granted [1] and that monetary relief is sought from a party who is immune from such relief. The old section 1915(d) applied to "any person"; so does the new section 1915(e). Section 1915(e)(1) explicitly applies to "any person." Section 1915(e)(2) authorizes dismissal of "the case at any time" on the specified grounds. It is impossible to extract subsection (e)(2)(B)(ii) from the remainder of section 1915(e) and construe it as authorizing pre-service dismissal only of prisoner cases.

With respect to Key's allegation of poverty, the Court concludes that she has provided sufficient financial information to proceed *in forma pauperis*. Accordingly, her motion to so proceed is granted. Document # 1.

■ Turning to section 1915(e)(2)(B), Key's complaint must be dismissed if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a party immune to suit. Because she is a *pro se* litigant, Key's complaint must be construed liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Nevertheless, *pro se* litigants must allege sufficient facts to support the claims contained in the complaint. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

■ Key's complaint is unclear, but it appears that the relief sought stems from an Arkansas state court judgment. The complaint seems to attack a conviction that Key received years back. Key seems to allege that she was charged in an Arkansas District Court for failing to pay a light bill. She states that she "accepted the charge to prevent from being incarceraited [sic] by the state." However, Key now says that she did not commit the crime and was mistakenly charged simply because her name appeared on the light bill. The conviction resulted in a $35 fine, but due to nonpayment, the fine has ballooned to $845. Key claims to have been incarcerated twice over this issue. She also mentions that there is an outstanding warrant regarding the fine.

The complaint is unclear as to the current status of Key's Arkansas charges. The complaint labels the charges as criminal, but they appear civil in substance. Regardless, the Court sees no path forward for Key's federal action no matter the status or nature of her state charges. If Key is requesting relief based on the wrongfulness of the conviction, this Court must dismiss the complaint until the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question

---

1. "The Supreme Court held in *Neitzke* ... that section 1915(d) did not authorize district courts to dismiss, sua sponte, a complaint for failure to state a claim, and it is clear that Congress intended that the PLRA overrule that decision." *Lopez*, 203 F.3d at 1126–27.

by a federal court's issuance of a writ of habeas corpus." *See Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). This is because such relief would necessarily imply the invalidity of Key's state conviction, and a section 1983 action "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487, 114 S.Ct. at 2372. Alternatively, if Key is requesting relief from an outstanding warrant related to the conviction and nonpayment of fines, then this Court must abstain from interfering with the ongoing state action, whether criminal or civil, absent exceptional circumstances, which are not alleged. *See Trainor v. Hernandez*, 431 U.S. 434, 444, 97 S.Ct. 1911, 1918, 52 L.Ed.2d 486 (1977) (civil); *Younger v. Harris*, 401 U.S. 37, 41, 91 S.Ct. 746, 749, 27 L.Ed.2d 669 (1971) (criminal). Finally, if Key is requesting that this Court overturn the Arkansas state court judgment, this Court lacks the jurisdiction to do so. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Key's complaint fails to state a claim and therefore must be dismissed.

IT IS THEREFORE ORDERED THAT:

1. Key's motion to proceed *in forma pauperis* is GRANTED. Document #1.

2. Key's complaint is DISMISSED WITHOUT PREJUDICE. Document #2.

3. The Court certifies that an *in forma pauperis* appeal from this order and judgment would not be taken in good faith.